IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

June 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JORGE ARIEL SANJINES, M.D.,        )    C/A NO.  03A01-9702-CV-00060
                                    )
          Plaintiff-Appellant,      )    HAMILTON CIRCUIT
                                    )
v.                                  )    HON.  DOUGLAS A. MEYER,
                                    )    JUDGE
ORTWEIN AND ASSOCIATES, P.C.,       )    SITTING BY INTERCHANGE
WILLIAM H. ORTWEIN, J. CRIS         )
HELTON, AND JOHN R. MORGAN,         )    VACATED
                                    )    AND
          Defendants-Appellees.     )    REMANDED



J. ARIEL SANJINES, M.D., pro se.

E. BLAKE MOORE, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga,
for Defendant-Appellee, John R. Morgan.

SAMUEL R. ANDERSON and SHANE USARY, LUTHER-ANDERSON, PLLP,
Chattanooga, for Defendants-Appellees, Ortwein & Associates,
P.C., William H. Ortwein, and J. Cris Helton.



O P I N I O N



                          Franks. J.


          Plaintiff, incarcerated in prison, brought this

action against his attorneys for alleged malpractice in

representing him in the charges brought against him for

criminal conduct.

          Defendants filed motions for summary judgments and

summary judgments were granted on behalf of all defendants by

the Trial Judge. Plaintiff has appealed.

Upon reviewing the record, we conclude it is necessary to address only one issue, that is, whether the Trial Judge should have granted plaintiff's motion to stay the proceedings prior to the entry of the summary judgments. A ground set forth in plaintiff's motion is:

> Plaintiff also has pending before the Criminal Court, a petition for post-conviction relief which was filed on February 12, 1996 and amended on May 31, 1996, and is scheduled for an evidentiary hearing on August 28, 1996. Plaintiff's petition for post-conviction relief seeks vacation of his plea and sentence due to the ineffective assistance of counsel, and he will be required to present evidence to the Trial Court of his claim of ineffectiveness of counsel in the upcoming evidentiary hearing.
>
> . . .
>
> Plaintiff has a conflict between the civil and criminal proceedings pending, and may be prejudiced in the criminal proceedings scheduled for August 28, 1996.

The response filed by defendants to this motion states, in pertinent part:

> With respect to plaintiff's motion to stay proceedings, he points out that he has a post-conviction relief hearing scheduled on August 28, 1996. He points out that he has a conflict between the civil and criminal proceedings, and that he may be prejudiced, a contention which is not understood by counsel for these defendants. Should that be the case, however, it is observed that plaintiff is the author of any such alleged misfortune, and that he was who initiated each of the two judicial proceedings.

We are required to take the strongest legitimate view of the record on behalf of the opponent of the motion for summary judgment, and defendants essentially concede the possibility that plaintiff may be prejudiced if the civil action is tried ahead of the petition for post-conviction relief.

2

In our view, the Trial Judge abused his discretion, and should have stayed the civil action until the action on the petition for post-conviction relief was concluded. It was plaintiff's right to file both the civil action and the action for relief from the criminal conviction. We believe failure to grant a stay in this case results in prejudice to the judicial process, and we accordingly vacate the summary judgments. *See* Rule 36, T.R.A.P.

Upon remand, a stay will be entered in accordance with this opinion. Upon final resolution of the post-conviction petition, the stay will be lifted and the parties may proceed with this action.

The cost of the appeal is assessed to defendants.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

3